**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

TERRANCE J. SHAW,

Plaintiff,

v.

JUDY SMITH, DR. ROTONDI, DR. ROEHRICH, DR. STOLARSKI, and DR. FREUND,

Defendants.

Case No. 20-CV-797-JPS

**ORDER**

Plaintiff Terrance J. Shaw, an inmate confined at Racine Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his rights under the Eighth Amendment were violated. Plaintiff has paid the full filing fee. This order screens Plaintiff's complaint.

**1. FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th

Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**2. PLAINTIFF'S ALLEGATIONS**

Plaintiff is a Vietnam Veteran, who has been diagnosed with Post-Traumatic Stress Disorder ("PTSD") from his combat experience. (Docket #1 at 1). Plaintiff has Vietnam flashbacks, which can be triggered by sudden and unexpected loud noises. (*Id.* at 2). Plaintiff was an inmate at Oshkosh Correctional Institution ("OCI") during the relevant events. In May 2013, OCI began using a sound cannon device, at the direction of the Department of Natural Resources, to deter seagulls from nesting on OCI property.

(Docket #1-1 at 5). The seagulls are a federally protected bird, and OCI needed to use non-fatal methods to deter the birds. (*Id.*)

On May 3, 2013, Plaintiff was walking to the prison library when the sound cannon device was used. (Docket #1 at 2). The sound cannon triggered a flashback, which caused Plaintiff "a serious episode of anxiety with fits of crying, re-experiencing sights of dead and wounded comrades and being under rocket and mortar attacks." (*Id.*) Later that day, Plaintiff filed a Psychological Service Request ("PSR") for treatment regarding his flashback and an Inmate Complaint ("IC") regarding OCI's use of the sound cannon. (*Id*.) OCI's Psychological Services Unit ("PSU") supervisor, Dr. Stolarski, responded to Plaintiff and explained the sound. (Docket #1-1 at 5). Plaintiff also told the PSU that he would speak to his psychologist, Dr. Roehrich, about his flashback at their next session. (*Id.*)

The next year, on March 20, 2014, Plaintiff was walking to the library when the sound cannon went off and caused Plaintiff to have another flashback and anxiety episode. (Docket #1 at 2). Later that day, Plaintiff filed an IC requesting that OCI stop using the sound cannon. (Docket #1-1 at 9). The library staff contacted the PSU and had Dr. Rotondi talk to Plaintiff about his flashback. (*Id.* at 9, 14). Plaintiff noted that it helped him to be seen by and to talk to a trained professional. (*Id.*) In response to Plaintiff's IC, OCI employee Gary Ankarlo wrote that he would follow up with PSU staff regarding any treatment for Plaintiff together with transfer options that may be available. (*Id.* at 11). Plaintiff appealed the IC decision and stated

that he objected to being transferred and would consider it retaliation.[1] (*Id.* at 13).

A month later, on April 11, 2014, Plaintiff was walking to the HSU when the sound cannon went off and triggered another flashback. (Docket #1 at 2). Plaintiff filed another IC that day. The IC was dismissed because the issue had been previously addressed. On June 9, 2014, Plaintiff was walking outside and had another flashback because the sound cannon went off. (*Id.* at 3; Docket #1-1 at 22–23). Plaintiff filed another IC and it was dismissed because the issue had already been addressed. (*Id.*) OCI contacted the PSU to ask about the last time Plaintiff was seen. (*Id.* at 23). The PSU verified that Plaintiff was last seen by PSU staff on March 20, 2014, and Plaintiff had not placed any additional requests to be seen by the PSU for his condition. (*Id.*) The last flashback caused by the sound cannon occurred in July 2014. (Docket #1 at 3).

**3. ANALYSIS**

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under Section 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* As explained below,

---

[1]Plaintiff's complaint alleges that Defendants did not take any action to stop the practice of using the sound cannon or to transfer Plaintiff to a different location. However, the exhibits attached to his complaint contradict Plaintiff's allegations. Specifically, Plaintiff continually told OCI that he did *not* want to be transferred and if he was, he would consider it retaliation. (Docket #1-1 at 13, 17).

none of the Defendants has any personal liability related to Plaintiff's claims.

Individual liability under Section 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (quoting *Minix v. Canarecci*, 597 F.3d 823, 833 (7th Cir. 2010)). Plaintiff's complaint includes no allegations about any of the Defendants, let alone that they had anything to do with the use of the sound cannon that triggered Plaintiff's PTSD episodes. Therefore, Plaintiff will not be permitted to proceed on claims in this case against Defendants Judy Smith, Dr. Rotondi, Dr. Roehrich, Dr. Stolarski, and Dr. Freund.

Additionally, Plaintiff will not be granted leave to amend his complaint to name other defendants because his complaint would nonetheless fail to state a claim. Plaintiff's allegations seek to invoke his rights under the Eighth Amendment, which secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain this claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that a defendant knew of the condition and was deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A medical condition need not be life-threatening to be serious; rather, it could be a condition that

would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir.1999). PTSD is a serious medical condition. Thus the Court accepts, for the purpose of screening, that Plaintiff alleges a serious medical condition.

However, Plaintiff's allegations fail to meet the second prong of deliberate indifference. This prong has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Even if a defendant recognizes the substantial risk, he is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994).

The OCI staff were not using the sound cannon to inflict pain on Plaintiff. Instead, it was used for a legitimate purpose, done in a manner proscribed by federal agencies, and used infrequently. Plaintiff's flashbacks were an unintended consequence of using the sound cannon. Plaintiff was able to request to be seen by PSU doctors. In fact, Plaintiff was seen by PSU doctors at OCI after several of his flashbacks. Therefore, the OCI staff did not act in a deliberately indifferent manner towards Plaintiff. Plaintiff's allegations simply do not rise to the level of a constitutional violation, and the Court will dismiss this case accordingly. *See Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986) ("A plaintiff who files a long and detailed complaint may plead himself out of court by including factual allegations which if true show that his legal rights were not invaded."); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) (noting that a

plaintiff may "plead himself out of court" by alleging facts establishing that a defendant is entitled to prevail on a motion to dismiss); *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) (explaining that "a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts. . . . Allegations in a complaint are binding admissions . . . and admissions can of course admit the admitter to the exit from the federal courthouse."); *Wroblewski v. City of Washburn*, 965 F.2d 452, 459 (7th Cir.1992) ("We are not required to ignore facts alleged in the complaint that undermine plaintiff's claim.").

**4. CONCLUSION**

For the reasons provided, the Court finds that Plaintiff has failed to state a viable claim for relief, and will therefore dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(1) because the complaint fails to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2021.

BY THE COURT:

____________________________

J. P. Stadtmueller
U.S. District Judge